**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES WHEELER, | |
| Appellant | No. 748 EDA 2017 |

Appeal from the Judgment of Sentence Entered January 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012412-2007

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 25, 2018**

Appellant, Charles Wheeler, appeals from the judgment of sentence of an aggregate term of five to ten years' incarceration, followed by five years' probation, imposed after his prior term of probation was revoked based on his commission of other, unrelated crimes. On appeal, Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court briefly summarized the procedural history of Appellant's case, as follows:

> On July 27, 2007, [Appellant] entered into a negotiated guilty plea on charges of aggravated assault, criminal conspiracy, and possession of an instrument of crime. [Appellant] was sentenced to two to five years' incarceration, followed by five years['] probation. [He] was subsequently arrested and charged with [possession] with intent to deliver a controlled substance on

_____

[*] Retired Senior Judge assigned to the Superior Court.

June 13, 2015. He thereafter entered a negotiated guilty plea to that charge and received a sentenced of 11[½] to 23 months['] incarceration on July 10, 2017.

On July 17, 2015, [Appellant] was arrested and charged with, *inter alia*, criminal homicide. On January 9, 2017, [Appellant] was found guilty of first[-]degree murder and sentenced to life imprisonment without the possibility of parole. A **Gagnon II**[1] hearing was held on January 30, 2017, and [Appellant] was found [to be] in violation of probation. Consequently, this court revoked [his] probation and re-sentenced him to an aggregate term of five to ten years['] imprisonment, to run consecutive to the sentence imposed for first-degree murder.

Trial Court Opinion, 7/18/17, at 1 (footnote omitted).

Appellant filed a timely motion for reconsideration of his sentence, but the docket does not indicate that the trial court ruled on that motion. Notwithstanding, Appellant filed a timely notice of appeal. The trial court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, however the court did issue an opinion addressing the claims presented in Appellant's post-sentence motion for reconsideration.

On appeal, Appellant presents one issue for our review: "Did not the probation revocation court err and abuse its discretion by not giving adequate reasons for imposing the maximum possible sentence to run consecutively to [A]ppellant's life sentence, where the lower court merely commented on its perception of the senselessness of [A]ppellant's original crime, which had occurred ten years before?" Appellant's Brief at 3.

Appellant's issue challenges the discretionary aspects of his sentence.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Appellant has satisfied the first three, above-stated requirements for obtaining review of his sentencing claim. In his Rule 2119(f) statement, Appellant argues that there is a substantial question warranting our review, because the trial court failed to consider the factors required by 42 Pa.C.S. §

9721(b), and because the "court failed to state adequate reasons on the record to explain its imposition of a maximum and consecutive sentence." Appellant's Brief at 10. We conclude that these two claims constitute substantial questions and, therefore, we will review the merits of Appellant's arguments. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (holding that a claim that the sentencing court failed to consider the section 9721(b) factors constitutes a substantial question for our review); *Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (finding a substantial question was presented where the appellant claimed the court failed to state adequate reasons on the record for the sentence imposed).

In assessing Appellant's sentencing claims, we are mindful of the following standard of review:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. … [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–70 (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)).

In this case, Appellant complains that the trial court did not state adequate reasons on the record for his sentence, or consider the factors set forth in section 9721(b) - namely, the protection of the public, the gravity of the offense, and his rehabilitative needs. Appellant asserts that "[t]he court's view of [A]ppellant's underlying crime appeared to be the sole sentencing factor." Appellant's Brief at 14. In support, Appellant quotes the following statement by the court just prior to imposing his sentence:

> THE COURT: The jury … found that they could not reach a verdict [i]n [Appellant's underlying case]. And, subsequently, his attorney and the [Commonwealth] … agreed on a negotiated guilty plea, which I've already articulated for the record. I've made that observation just to point out how senseless the underlying case was. This was a case [where Appellant's co-defendant, Abraham Saez,] was involved in an argument with Mr. Hoffman, a matter to which [Appellant] had absolutely no involvement. These two men argued; a fistfight ensued. Mr. Hoffman got the better of [Mr. Saez in] the fistfight, so Mr. Saez got on his phone and called [Appellant]. [Appellant] came out on the scene and Mr. Saez directed him to take care of Mr. Hoffman and [Appellant] did as he was bid to do and opened fire.

N.T. Revocation/Resentencing Hearing, 1/30/17, at 20.

We discern nothing improper about the court's reiterating the facts of Appellant's underlying case and stressing the 'senselessness' of his criminal conduct; indeed, this demonstrates that the trial court considered the gravity of Appellant's offense as section 9721(b) requires it to do. Furthermore,

Appellant acknowledges that the court went on to state that it "considered the factors I'm obliged to," *id.* at 22, and then further explained:

> THE COURT: [Appellant], after due consideration and taking into account your personal history, need for rehabilitation, society's need for protection, and appreciating that the [c]ourt has the same powers at sentencing on this *Gagnon II* violation as it had initially, the [c]ourt believes that in light of the history, that is, your criminal history, this crime, and the crime which places you in violation, only the maximum sentence permissible is sufficient to address the underlying crime or crimes in this case.

*Id.* at 22-23.

Contrary to Appellant's position on appeal, we conclude that these statements by the court adequately conveyed the court's rationale for the sentence it imposed, and demonstrated that the court considered the section 9721(b) factors. As the Commonwealth points out, "[t]he court was not required to engage in lengthy discourse of its reasoning, especially since this sentence followed the revocation of probation." Commonwealth's Brief at 7 (citing *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014) ("[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as

elaborate as that which is required at initial sentencing."). Therefore, we conclude that Appellant's sentencing arguments are meritless.[2]

       Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

---

[2] We note that Appellant presents, for the first time on appeal, cursory assertions that the trial court relied on impermissible factors in fashioning his sentence (specifically, "the original conduct, … and the maximum sentence [the court] could impose"), and that the court's "imposing the sentence to run consecutively to [A]ppellant's life sentence served no purpose other than vindictiveness." Appellant's Brief at 15. Because neither of these claims were presented in Appellant's post-sentence motion, they are waived on appeal. *See Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted). In any event, we would deem these claims meritless. Clearly, the court was permitted to consider, along with the other factors mentioned *supra*, Appellant's underlying crimes and the statutory maximum term it could impose in this case. Additionally, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted). Given that Appellant cites nothing in the record (aside from the imposition of a consecutive sentence) to support his allegation of vindictiveness by the trial court, we would reject his contention that the court abused its discretion in this regard.

- 7 -